UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ROBERT W. JOHNSON,

                Plaintiff,

-against-

SECURE PAWN SHOP; CLERK JOHN DOE; CLERK JOHN DOE; DELL INC.,

                Defendants.

1:19-CV-8832 (CM)

ORDER OF DISMISSAL

COLLEEN McMAHON, Chief United States District Judge:

    Plaintiff Robert W. Johnson, of the Bronx, New York, appears *pro se* and brings this action under the Court's federal-question jurisdiction. He sues the Secure Pawn Shop, which he alleges is located in the Bronx. He also sues two unidentified "John Doe" clerks who may be employed by the Secure Pawn Shop. He further sues Dell, Inc.

    By order dated November 18, 2019, the Court granted Plaintiff's request to proceed without prepayment of fees, that is, *in forma pauperis*. For the reasons set forth below, the Court dismisses this action.

## STANDARD OF REVIEW

    The Court must dismiss an *in forma pauperis* complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also dismiss a complaint when the Court lacks subject-matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3).

    While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret

them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted, emphasis in original). But the "special solicitude" in *pro se* cases, *id*. at 475 (citation omitted), has its limits – to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief.

The United States Supreme Court has held that under Rule 8, a complaint must include enough facts to state a claim for relief "that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible if the plaintiff pleads enough factual detail to allow the Court to draw the inference that the defendant is liable for the alleged misconduct. In reviewing the complaint, the Court must accept all well-pleaded factual allegations as true. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). But it does not have to accept as true "[t]hreadbare recitals of the elements of a cause of action," which are essentially just legal conclusions. *Id.* (citing *Twombly*, 550 U.S. at 555). After separating legal conclusions from well-pleaded factual allegations, the Court must determine whether those facts make it plausible – not merely possible – that the pleader is entitled to relief. *Id.* at 678-79.

## BACKGROUND

Plaintiff alleges the following facts: On September 16, 2019, Plaintiff bought a Dell laptop computer and a battery charger from the Secure Pawn Shop. He paid $170.00, "excluding taxes," and he was not given a receipt for his purchase. (ECF 2, p. 2.) The "battery charger . . . is incompatible with the laptop computer . . . ." (*Id.*) And the computer "is defective as [its] software is faulty [and] dangerous as the battery charger is incompatible with [it and] can cause overheating of products [and] other computer issues." (*Id.*)

Plaintiff seeks a total of $350,000,000 in damages.

**DISCUSSION**

The subject-matter jurisdiction of the federal district courts is limited and is set forth generally in 28 U.S.C. §§ 1331 and 1332. Under these statutes, a federal district court's jurisdiction is available only when a "federal question" is presented or, if the plaintiff asserts state-law claims under the Court's diversity jurisdiction, when the plaintiff and the defendants are citizens of different States and the amount in controversy exceeds the sum or value of $75,000. "'[I]t is common ground that in our federal system of limited jurisdiction any party or the court *sua sponte*, at any stage of the proceedings, may raise the question of whether the court has subject matter jurisdiction.'" *United Food & Commercial Workers Union, Local 919, AFL-CIO v. CenterMark Prop. Meriden Square, Inc.*, 30 F.3d 298, 301 (2d Cir. 1994) (quoting *Manway Constr. Co., Inc. v. Hous. Auth. of the City of Hartford*, 711 F.2d 501, 503 (2d Cir. 1983)); *see* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."); *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 583 (1999) ("[S]ubject-matter delineations must be policed by the courts on their own initiative . . . .").

A. **Federal-question jurisdiction**

To invoke federal-question jurisdiction, a plaintiff's claims must arise "under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. A case arises under federal law if the complaint "establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." *Bay Shore Union Free Sch. Dist. v. Kain*, 485 F.3d 730, 734-35 (2d Cir. 2007) (quoting *Empire Healthchoice Assur., Inc. v. McVeigh*, 547 U.S. 677, 690 (2006) (internal quotation marks omitted)). Mere invocation of federal-question jurisdiction, without any facts demonstrating a federal-law claim, does not create federal-question jurisdiction. *See Nowak v. Ironworkers Local*

*6 Pension Fund*, 81 F.3d 1182, 1188-89 (2d Cir. 1996); *see also Shapiro v. McManus*, 136 S. Ct. 450, 455-56 (2015) (holding that federal-question jurisdiction is lacking where the claims are "wholly insubstantial and frivolous," "essentially fictitious," or "obviously without merit" (internal quotation marks and citations omitted)).

Plaintiff invokes the Court's federal-question jurisdiction. (ECF 2, p. 1.) He asserts "clerk product liability of sales, failure to warn consumer, failure to provide consumer with receipt, general negligence, breach of sales [and] contracts, improper labeling, faulty products, dangerous products, [and] defective products." (*Id.*) Those allegations do not suggest any claim arising under federal law. Plaintiff therefore cannot invoke federal-question jurisdiction.

**B.     Diversity jurisdiction**

Because Plaintiff asserts claims that arise under state law, the Court must determine whether it has diversity jurisdiction. To assert state-law claims under the Court's diversity jurisdiction, a plaintiff must first allege that he and the defendants are citizens of different States. 28 U.S.C. § 1332(a)(1); *Wis. Dep't of Corr. v. Schacht*, 524 U.S. 381, 388 (1998) ("A case falls within the federal district court's 'original' diversity 'jurisdiction' only if diversity of citizenship among the parties is complete, *i.e.,* only if there is no plaintiff and no defendant who are citizens of the same State."). For diversity purposes, an individual is a citizen of the State where he is domiciled, which is defined as the place where a person "has his true fixed home . . . and to which, whenever he is absent, he has the intention of returning." *Palazzo ex rel. Delmage v. Corio*, 232 F.3d 38, 42 (2d Cir. 2000) (internal quotation marks and citation omitted). An individual "has but one domicile." *Id.* A corporation, however, is a citizen "of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business." § 1332(c)(1); *see also Hertz Corp. v. Friend*, 559 U.S. 77, 92-93

(2010) (a corporation's principal place of business is its "nerve center," usually its main headquarters).

Plaintiff's complaint does not allege sufficient facts to suggest that the parties are diverse, that is, that "there is no plaintiff and no defendant who are citizens of the same State." *Schacht*, 524 U.S. at 388. Plaintiff resides in the Bronx, New York, and therefore is presumably a citizen of New York State. The only address he provides for any of the defendants is the Bronx, New York, address of the Secure Pawn Shop. Thus, the Secure Pawn Shop is also a citizen of New York State, the parties are not diverse, and this Court lacks diversity jurisdiction to consider Plaintiff's state-law claims. The Court therefore dismisses this action for lack of subject-matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3).

## CONCLUSION

The Clerk of Court is directed to assign this matter to my docket, mail a copy of this order to Plaintiff, and note service on the docket.

The Court dismisses this action for lack of subject-matter jurisdiction. Fed. R. Civ. P. 12(h)(3). This dismissal is, of course, without prejudice.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

The Clerk of Court is also directed to docket this order as a "written opinion" within the meaning of Section 205(a)(5) of the E-Government Act of 2002.

SO ORDERED.

Dated: December 3, 2019
New York, New York

_____
COLLEEN McMAHON
Chief United States District Judge